UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RUTH ANTONELLI,

                        Plaintiff,                      **22-CV-4449-VF**

        -against-                        **OPINION & ORDER**

CAROLYN COLVIN[1],

                        Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Plaintiff Ruth Antonelli moves for approval of attorneys' fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). For the reasons explained below, Plaintiff's motion is **GRANTED**.

## BACKGROUND[2]

On September 8, 2015, Plaintiff filed an application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act based on a disability that began on May 19, 2015. ECF No. 14 at 23. On July 10, 2018, Plaintiff's application was denied following a hearing before an Administrative Law Judge ("ALJ"). Id. at 20-34. On April 26, 2019, the Appeals Council denied Plaintiff's request for review of the ALJ's

---

[1] The named defendant when this action commenced was Kilolo Kijakazi, the then-Acting Commissioner of the Social Security Administration. On November 30, 2024, Carolyn Colvin became the Acting Commissioner of the Social Security Administration. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Colvin is substituted as the defendant in this suit. See Fed. R. Civ. P. 25(d) (permitting automatic substitution of a party who is a public official sued in her official capacity when the public official "ceases to hold office" while a suit is pending).

[2] A full recitation of the factual background of this case is recounted in the Court's previous Report & Recommendation, familiarity with which is presumed. See ECF No. 25 at 2-4.

decision. Id. at 8-10. On June 26, 2019, Plaintiff filed a complaint in this Court, requesting that the Court modify the ALJ's decision or remand to the Commissioner of Social Security for reconsideration and supplemental administrative proceedings. See Antonelli v. Comm'r of Soc. Sec., No. 19-CV-5986 (OTW), ECF No. 2 at 1-5 (filed June 26, 2019). On October 16, 2019, Plaintiff entered into a contingent-fee agreement with her current counsel, Lewis Bart Insler, Esq. ECF No. 30-1.

On May 18, 2021, this Court remanded Plaintiff's case to the Social Security Administration ("SSA") through a joint stipulation of the parties. Antonelli, No. 19-CV-5986 (OTW), ECF No. 35 (filed May 18, 2021). The Commissioner also agreed to pay Insler's attorneys' fees in the amount of $6,535.46 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See Antonelli, No. 19-CV-5986 (OTW), ECF No. 38 at 1 (filed June 3, 2021). Insler did not represent Plaintiff during the subsequent administrative proceedings. ECF No. 30 at ¶ 5.

On June 7, 2021, the Appeals Council vacated the ALJ's July 2018 decision and remanded Plaintiff's case to another ALJ with instructions to address a conflict between the SSA's previous decision and certain vocational evidence supplied by Plaintiff. ECF No. 14-6 at 62-67. On March 16, 2022, the ALJ again issued a decision denying Plaintiff's claim for benefits. Id. at 33-51. On May 4, 2022, Plaintiff entered into another contingent-fee agreement with Insler to represent her in the federal proceeding. ECF No. 30-2. On May 30, 2022, Plaintiff filed the instant action seeking judicial review of the ALJ's decision. ECF No. 1 at ¶ 2. The Commissioner filed the Administrative Record which constituted his answer. ECF Nos. 14-15. On November 8, 2022, Plaintiff moved for judgment on the pleadings and submitted a supporting memorandum of law. ECF Nos. 18-19. On January 6, 2023, the Commissioner

submitted his opposition and a cross-motion for judgment on the pleadings. ECF Nos. 22-23. Plaintiff filed a reply to the Commissioner's opposition on January 11, 2023. ECF No. 24.

On September 27, 2023, the Court granted Plaintiff's motion for judgment on the pleadings and denied the Commissioner's cross-motion. ECF No. 25 at 1. The Court then remanded the matter to the SSA for further proceedings. Id. at 29. On October 26, 2023, the Commissioner filed a joint stipulation with Plaintiff, agreeing to pay $8,900 in Plaintiff's attorneys' fees and expenses pursuant to the EAJA. ECF No. 27. The Court entered the stipulation on October 30, 2023. ECF No. 28.

In a Notice of Award dated June 23, 2024, the Commissioner awarded Plaintiff past-due disability benefits in the amount of $201,658 for the period from November 2015 to June 2024. See ECF No. 30-3 at 1, 3. The Commissioner noted that the SSA had withheld 25% of this total, $50,414.50, for Plaintiff's attorney's fees. Id. at 3.

On July 3, 2024 Plaintiff filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b). See ECF Nos. 29-31. Plaintiff seeks approval of attorney's fees in the amount of $25,000 for both federal actions. See ECF No. 30 at ¶ 8. In support of the motion, Plaintiff submitted a copy of two retainer agreements with Insler, the Commissioner's Notice of Award, and billing records documenting the time Insler spent on both cases. ECF Nos. 30-1, 30-2, 30-3, 30-4. Insler represents that Plaintiff's administrative counsel will separately petition for administrative fees of no more than $25,414.50 for work performed at the agency level. ECF No. 30 at ¶ 5. Insler also acknowledges that, if his attorney's fee award exceeds the combined EAJA awards, Plaintiff will be refunded the previous EAJA awards totaling $15,435.46. Id. at ¶ 6. Both retainer agreements, signed by Plaintiff, provide that Insler could "move before the Federal

3

Court for approval of a fee not to exceed 25% of retroactive benefits due to [Plaintiff]." ECF Nos. 30-1, 30-2.

The Commissioner "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)." ECF No. 32 at 1. However, the Commissioner asks that if the Court authorizes an award under § 406(b), the Court's order "indicate the amount of any section 406(b) award it authorizes but decline to include language directing that the Commissioner 'pay' the award."[3] Id. at 2.

## LEGAL STANDARD

Section 406(b) of the Social Security Act states that when a disability claimant succeeds in federal court, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Fields v. Kijakazi, 24 F.4th 845, 852-53 (2d Cir. 2022) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)) (quotation marks omitted); see also Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (explaining that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results"). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the

---

[3] As the Commissioner explains, the "fee authorization by the Court is separate and distinct from the Commissioner's withholding and direct payment obligations." See ECF No. 32 at 2 (citing Dobson v. Comm'r of Soc. Sec., No. 9-CV-1460 (KJN), 2013 WL 6198185, at *4 (E.D. Cal. Nov. 27, 2013) ("[T]he amount of fees that may be awarded to plaintiff's counsel and the amount that the Commissioner withholds and pays directly to plaintiff's counsel are two independent calculations.")).

contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement." Caraballo v. Comm'r of Soc. Sec., No. 17-CV-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement[.]'" Fields, 24 F.4th at 853 (quoting Wells, 907 F.2d at 372). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused[,]" and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." Fields, 24 F.4th at 853 (citing Gisbrecht, 535 U.S. at 808) (internal quotation marks and alterations omitted); see Valle v. Colvin, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *2 (S.D.N.Y. May 15, 2019) (citing Blizzard v. Astrue, 496 F. Supp. 2d 320, 322 (S.D.N.Y. 2007)).

## DISCUSSION

Plaintiff seeks a fee award of $25,000 for 72.72 hours of work performed by Insler in the two federal actions. See ECF No. 30 at ¶ 9; ECF No. 30-4 at 1-2. For the reasons explained below, the requested attorney's fee award for Insler is reasonable.

First, the $25,000 contingency fee requested by Insler is well below the 25 percent statutory cap of $50,414.50, see U.S.C. § 406(b)(1)(A), and there is no evidence before the Court of fraud or overreaching in the negotiation of the retainer agreements with Plaintiff. See ECF Nos. 30-1, 30-2; see e.g., Hennelly v. Kijakazi, No. 20-CV-4786 (JGK), 2023 WL 3816961, at

*2 (S.D.N.Y. June 5, 2023) (finding that absence of evidence of fraud or overreaching is sufficient to satisfy this threshold inquiry); Casiano v. Kijakazi, No. 19-CV-9732 (JGK), 2023 WL 3760941, at *2 (S.D.N.Y. June 1, 2023) (same).

Second, the requested fee is in line with the "character of the representation and the results the representation achieved." Valle, 2019 WL 2118841, at *2. In the first federal action, Insler successfully obtained the Commissioner's agreement to remand for further administrative proceedings after Plaintiff's motion for judgment on the pleadings was fully briefed. Rivera v. Comm'r of Soc. Sec., No. 20-CV-8444 (AEK), 2024 WL 4764481, at *3 (S.D.N.Y. Nov. 13, 2024) (plaintiff's counsel was successful where counsel secured "the Commissioner's agreement to remand the case to the SSA for further proceedings after filing a motion for judgment on the pleadings"). In the second federal action, Insler successfully litigated the matter in this Court, obtaining a favorable decision for Plaintiff that resulted in a remand to the Social Security Administration for further proceedings that ultimately resulted in the award of past-due benefits. See ECF No. 25 at 1 (September 2023 opinion granting Plaintiff's motion for judgment on the pleadings).

Third, there is no indication in the record of any purposeful delay created by Insler for the purpose of increasing the total benefits award. Insler only requested one 60-day extension of Plaintiff's time to file a motion for judgment on the pleadings during the first federal action, and did so because he had been retained only a few days before the then-operative deadline. See Antonelli, No. 19-CV-5986 (OTW), ECF No. 15 (filed Oct. 25, 2019); Rivera, 2024 WL 4764481, at *3 ("Though [plaintiff's counsel] did request one 60-day extension of time to file Plaintiff's motion for judgment on the pleadings, he provided a valid justification for the

application [], and there is no reason to believe that the extension was due to any lack of diligence.").

The only remaining question is whether a $25,000 award would be a windfall to Insler because "the benefits to be awarded are large in comparison to the amount of time he spent on the case." Gokey v. Berryhill, No. 18-CV-658 (RA), 2021 WL 5014576, at *2 (S.D.N.Y. Oct. 27, 2021) (citation, internal quotation marks, and alterations omitted). Here, the $25,000 award based on 72.72 hours of work results in a de facto hourly rate of $343.78. In assessing whether there is a windfall, "courts must consider more than the de facto hourly rate," including the following factors: (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Fields, 24 F.4th at 854-55. Further, "courts in this Circuit have generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within" the 25 percent cap. Rowell v. Astrue, No. 5-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008).

    1. Counsel's ability and expertise

Insler submitted billing records which show that he performed 72.72 hours of work between the two federal cases. See ECF No. 30-4 at 1-2. Although Insler did not provide details about his experience with social security cases, Insler is a "seasoned practitioner who has handled over 300 Social Security cases across a 40-plus year career." Minard v. Kijakazi, No. 20-CV-3730 (GBD) (KNF), 2023 WL 7220055, at *2 (S.D.N.Y. Nov. 2, 2023). Insler is thus an experienced practitioner in the area of social security law.

Insler also used his time efficiently. Insler billed 72.72 hours across two separate federal actions, expending 31.05 hours in the first action, 39.87 in this action, and 1.8 hours in preparing the instant fee application. ECF No. 30-4 at 1-2. "District Courts within this Circuit endorse a twenty to forty-hour range as reasonable for a typical Social Security disability appeal in federal court," Bass v. Kijakazi, No. 16-CV-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (internal quotations omitted), and Insler's time in each case falls within that range. Moreover, Plaintiff's case was "procedurally cumbersome, as it was remanded twice and involved multiple hearings in front of an ALJ." Rosario v. O'Malley, No. 21-CV-3193 (JCM), 2024 WL 3498410, at *3 (S.D.N.Y. July 19, 2024). Insler fully briefed two motions for judgment on the pleadings based on a complex record which, in the instant action, spanned over 1,500 pages. See ECF No. 14; Rosario, 2024 WL 3498410, at *3 (finding that counsel performed significant work on plaintiff's case where they "represented [p]laintiff in federal court over the course of two appeals"). Insler's expertise and efficiency led to a favorable outcome for his client in both federal proceedings, and later allowed his client to receive "a large recovery of past-due benefits." Brockington v. Comm'r of Soc. Sec., No. 21-CV-2178 (LGS) (VF), 2024 WL 3639219, at *4 (S.D.N.Y. June 28, 2024), report and recommendation adopted by, 2024 WL 3639192 (S.D.N.Y. Aug. 2, 2024).

Last, the hours expended by Insler across the two proceedings are in line with other fee awards in this Circuit. See e.g. Rowell, 2008 WL 2901602, at *5 (approving an award of $27,413.19 for 75.25 hours of work across two federal actions); Bradley v. Colvin, No. 13-CV-449 (PKC), 2016 WL 4203467, at *1, 3 (E.D.N.Y. Aug. 8, 2016) (granting award of $25,704.50 for 69.4 hours of work over two appeals). And the de facto hourly rate which Insler requests, $343.78, is in line with other hourly rates approved in this District for representations of similar

length in social security cases. See e.g., Escobar v. Kijakazi, No. 20-CV-9653 (AT) (KHP), 2022 WL 2531589, at *3 (S.D.N.Y. Apr. 7, 2022), report and recommendation adopted by, 2022 WL 4586208 (S.D.N.Y. Sept. 29, 2022) (finding a *de facto* hourly rate of $354.59 to be reasonable for 51.6 hours of work across two federal actions); Rowell, 2008 WL 2901602, at *1, 5 (concluding that hourly rate of $443.94 was reasonable in case that involved two federal actions and 75.25 hours of work). Therefore, this first factor weighs in favor of the fee request.

   2. The nature and length of counsel's relationship with Plaintiff

Insler represented Plaintiff in the first federal action from October 16, 2019 until May 19, 2021, and in this action starting on May 4, 2022. See ECF Nos. 30-1, 30-2. Although Insler did not represent Plaintiff during the administrative proceedings, the nature and length of Insler's professional association with Plaintiff across the two federal actions is considerable. See Newlin v. Kijakazi, No. 19-CV-6248 (SLC), 2022 WL 950981, at *5 (S.D.N.Y. Mar. 30, 2022) (finding counsel's relationship with client was significant where it spanned two federal actions over the course of five years); Brockington, 2024 WL 3639219, at *4 (finding a "considerable" professional association between counsel and plaintiff where counsel represented plaintiff for over two years in one federal action). This second factor therefore also weighs in favor of the fee request.

   3. Plaintiff's satisfaction with counsel

Third, Insler achieved a favorable outcome for Plaintiff, with an award of $201,658 in past-due benefits and ongoing monthly benefits. See ECF No. 30-3 at 1-6. Although there is no affidavit or declaration from Plaintiff herself, Plaintiff clearly received a favorable result due to counsel's efforts, as she was awarded benefits for almost the entirety of her alleged period of disability. See id. (awarding back benefits from November 2015 to June 2024 on a disability originally alleged to have begun on May 19, 2015). This factor, too, weighs in favor of the fee

request. See, e.g., Fields, 24 F.4th at 855 (explaining that claimant achieved a favorable decision from the SSA in the form of a six-figure award of past-due benefits as well as ongoing monthly benefit, supporting a de facto hourly rate of $1,556.98 and finding no windfall).

    4. The uncertainty of Plaintiff's case

  In contingency-fee cases such as this one, "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk," which is borne by the attorney. Velez v. Comm'r of Soc. Sec., No. 18-CV-9754 (AEK), 2021 WL 2310517, at *4 (S.D.N.Y. June 7, 2021) (quoting Nieves v. Colon, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017)). Plaintiff and Insler signed their first retainer agreement almost five years before filing the instant motion and signed the second agreement over two years before the instant motion. ECF Nos. 30-1, 30-2. Moreover, when Insler took on Plaintiff's case, there was no guarantee that he would be paid for his work given that an award of past-due benefits was not a certainty. The uncertainty of his recovery is particularly acute here because "two federal court actions were necessary" before securing any recovery for Plaintiff. Newlin, 2022 WL 950981, at *5; Thorne v. Comm'r of Soc. Sec., No. 20-CV-6513 (OTW), 2024 WL 1739890, at *2 (S.D.N.Y. Apr. 23, 2024) ("Due to multiple denials of Plaintiff's disability benefits over a prolonged period, there was substantial uncertainty as to the result."). This is therefore not a case "where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." Fields, 24 F.4th at 856. The award amount sought appropriately reflects the risk borne by Insler and, consequently, this factor also weighs in favor of the fee request.

  In short, all four factors weigh in favor of the requested fee award of $25,000. Although a fee award "may be made under both the EAJA and § 406(b), [] the claimant's attorney 'must refund to the claimant the amount of the smaller fee.'" Guzman v. Comm'r of Soc. Sec., No. 15-

10

CV-3920 (VB) (LMS), 2019 WL 4935041, at *3 (S.D.N.Y. Aug. 1, 2019) (quoting Gisbrecht, 535 U.S. at 796 (cleaned up)), report and recommendation adopted by, 2019 WL 4933596 (S.D.N.Y. Oct. 7, 2019). Courts in this District have thus mandated that attorneys who obtain fees under both statutes "return the amount of such EAJA award to plaintiff out of the payment received under Section 406(b)." Guzman, 2019 WL 4935041, at *3 (quoting Jackson v. Astrue, No. 09-CV-1290 (FB), 2011 WL 1868718, at *2 (E.D.N.Y. May 16, 2011)). Insler is therefore required to refund Plaintiff the $15,435.46 previously awarded under the EAJA.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for attorney's fees in the amount of $25,000 is **GRANTED**. Any such award should be paid out of Plaintiff's past-due benefits, and upon receipt of this sum, Plaintiff's counsel shall promptly refund the previously awarded EAJA fees of $15,435.46 to Plaintiff. The Clerk of Court is directed to terminate the motion at ECF No. 29.

**SO ORDERED.**

DATED:   New York, New York
         December 30, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge